# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LAWRENCE W. KONIECZKO
and LAURIE F. KONIECZKO,

        Plaintiffs,

v.                                    Case No: 6:22-cv-1451-PGB-DCI

ORANGE COUNTY GOVT., DOE
FIREMAN '35;1, DOE FIREMAN
'35;2, DOE DEPUTY '35;1, DOE
DEPUTY '35;2, DOE DEPUTY
'35;3, DOE PARAMEDIC, 5 DCA
JUDGES, ROBERT LEBLANC,
DOE BAILIFF, DOE FIRE
MARSHAL, DOE 911
OPERATOR, ORANGE COUNTY
SHERIFF DEPUTY LIN,
PATRICIA O'DEA, CHARLES
HUDNALL, DOE DIRECTOR
and KENNETH NICHOLSON,

        Defendants.
_____/

## ORDER

This cause is before the Court *sua sponte* upon review of the docket. The Plaintiffs have filed an "Objection and Denials" to the Court's Order denying Plaintiffs' Motion to Vacate. (Docs. 22, 23). There is no procedural mechanism allowing a party to file an "Objection and Denial" to an Order entered by the District Court. Accordingly, the Plaintiffs' "Objection and Denial" is Ordered Stricken, and the Lawsuit is Dismissed Without Prejudice for failure to comply with Federal Rule of Civil Procedure 4(m).

I.   **PROCEDURAL HISTORY**

The Plaintiffs filed suit against the named Defendants on August 15, 2022 (Doc. 1) and have yet to serve any of the Defendants. On November 4, 2022, the Plaintiffs filed a motion to extend time to serve the Defendants, and the Magistrate Judge denied the motion without prejudice, because the Plaintiffs failed to demonstrate good cause for extension of the deadline. (Docs. 11, 13). The Plaintiffs then filed a Second Amended Complaint on November 9, 2022. (Doc. 15). On November 15, 2022, the last day to serve the Defendants, the Plaintiffs filed a "Very Urgent Motion to Extend Time to Serve Defendants," and requested an extension through June 15, 2023 to perfect service. (Doc. 17). The Magistrate Judge again observed that the Plaintiffs failed to establish good cause for the extension, but notwithstanding this deficiency the Magistrate Judge extended the date for perfecting service of process to December 16, 2022. (Doc. 18).

The Plaintiffs, being dissatisfied with the Court's Orders, petitioned the Chief Judge for relief. (Doc. 19). That said, the Chief Judge is not the presiding judge, and any appeal to the Chief Judge lacks a legal or procedural foundation and has no significance.  Accordingly, the Magistrate Judge entered an Order advising the Plaintiffs of this fact. (Doc. 20). The Plaintiffs then filed another "Very Urgent Time-Sensitive Motion," directed to the undersigned, and asked the Court to sustain their objections to the Magistrate Judge's Order. (Doc. 21). The Court considered the Plaintiffs' objections to the Magistrate Judge's Order, and the Court agreed with the Magistrate Judge that the Plaintiffs had failed to establish "good

cause" under Rule 4(m) to extend the deadline for serving the Defendants. (Doc. 22). Nonetheless, the Court granted a modest extension of the deadline to serve the Defendants through January 16, 2023. (*Id.*). That deadline has now come and gone.

## II.  DISCUSSION

The Federal Rules of Civil Procedure are designed to promote efficiency. *See* FED. R. CIV. P. 1. As such, a party who elects to file suit cannot delay indefinitely in placing the opposing party on notice. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Emphasis added). This Court has previously placed the Plaintiffs on notice that failure to serve the Defendants shall result in dismissal of the lawsuit without prejudice. (Doc. 22). The Court has extended the deadline for service of process twice, and still the Plaintiffs have failed to perfect service on any Defendant. The Plaintiffs proffer justifications for their failure to comply with Rule 4(m), but the reasons offered by the Plaintiffs concern the Plaintiffs' inability to successfully prosecute their case as opposed to obstacles to perfecting service of process on the Defendants. The solution is simple: a party should not file suit until he or she is ready. It is unfair to allow a lawsuit to languish while the Plaintiffs finish preparing their case. For these reasons, the Second Amended Complaint is dismissed without prejudice. Should the Plaintiffs decide to refile their complaint, they need to be

mindful that Rule 4(m) is not aspirational. A party initiating a legal action cannot sit on his or her rights and must serve the opposing parties within 90 days, absent a showing of good cause.[1]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Plaintiffs' Objection and Denials re: Order on Motion to Vacate (Doc. 23) is **STRICKEN**;

2. The Second Amended Complaint (Doc. 15) is **DISMISSED WITHOUT PREJUDICE**; and

3. The Clerk of Court is **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ORDERED** in Orlando, Florida on January 17, 2023.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court is aware the Plaintiffs have mailed what purports to be a series of motions to Chief Judge Corrigan. (Docs. 24, 25, 26, 27, 28). The Plaintiffs have previously been advised that no judge other than the presiding judge has the authority to rule on motions. The Chief Judge's duties are administrative and do not curtail the authority of other co-equal Article III judges. Moreover, the Plaintiffs are advised that motions for recusal are decided by the presiding judge and not the Chief Judge. And the Chief Judge lacks authority to "vacate" the presiding judge's orders. The Court appreciates the Plaintiffs are appearing *pro se* and provides this insight to educate — not insult — the Plaintiffs. Consequently, any relief requested in the aforementioned motions is denied.